UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RONALD AKERS** | **CIVIL ACTION NO. 09-CV-0915 (LEAD)** <br> **09-CV-1110 (MEMBER)** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC.** <br> **SHAW ENVIRONMENTAL &** <br> **INFRASTRUCTURE, INC.** | **MAGISTRATE JUDGE METHVIN** |

**CONSOLIDATED WITH**

| | |
|---|---|
| **DAVID MCGRATH** | **CIVIL ACTION NO. 09-CV-0915 (LEAD)** <br> **09-CV-1110 (MEMBER)** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC.** <br> **SHAW ENVIRONMENTAL &** <br> **INFRASTRUCTURE, INC** | **MAGISTRATE JUDGE METHVIN** |

*MINUTE ENTRY AND ORDER*
**(Rec. Doc. 12)**

Before the Court is defendant Shaw Environmental, Inc and Shaw Environmental and Infrastructure, Inc.'s motion to dismiss for lack of jurisdiction pursuant to F.R.C.P. Rule 12(b)(1) (Rec. Doc. 12). Plaintiffs have opposed the motion (Rec. Doc. 18) and defendants have replied (Rec. Doc. 15). The matter was referred to the undersigned for Report and Recommendation. For the reasons

set forth below, the consideration of the motion is **DEFERRED** pending limited discovery direct to the issue of subject matter jurisdiction.

## *Background*

Plaintiff Ronald Akers filed suit in the lead case on June 3, 2009, alleging that this court has jurisdiction under 28 U.S.C. 1333 because his contract with the defendants, which was attached to the complaint (Rec. Doc. 1-1), called exclusively for diving services making it a maritime contract. Plaintiff McGrath filed his complaint on July 6, 2009 in which he alleged the existence of a maritime employment contract but did not attach the document to the complaint. (See 09-CV-0110 Rec. Doc. 1) While the contract attached to Akers' complaint only describes services to be performed as a "Welder 4", (Rec. Doc. 1-1) both complaints contain quotes from correspondence allegedly sent by the defendants in which "diving activities" are clearly contemplated as the primary subject matter of the services to be performed by the plaintiffs for the defendants. The cases were consolidated on July 28, 2009. (Rec. Doc. 5) The plaintiffs filed an unopposed motion to amend their complaint on September 16, 2009 in order to allege:

> This matter involves the arbitrary breach of a maritime contract which called upon the plaintiff to provide certain commercial diving services in the navigable waters surrounding the island of Guam.
>
> **Particularly, and upon information and belief, said services were to be conducted from a floating barge in connection with**

**removal and replacement of a pier and/or wharfage to be utilized by and for the benefit of US Navy vessels and other vessels engaged in the maritime commerce in the navigable waters off the coast of Guam**.  Furthermore, this matter involves damages sustained by plaintiff as a result of his detrimental reliance on promises and inducements made before, during and after the execution of the aforesaid maritime contracts.[1]

The motion was granted and the amended complaint was filed on September 17, 2009. (Rec Doc. 17) On the same date, a motion to dismiss pursuant to F.R.C.P. Rule 12(b)(1) was filed in which the defendants contended the Court lacked subject matter jurisdiction. (Rec. Doc. 12) The undersigned notes the motion to amend the complaint was filed before the motion to dismiss, however, the amended complaint was actually filed <u>after</u> the motion to dismiss.

### *Motion to Dismiss for Lack of Subject Matter Jurisdiction*

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. "The burden of proof for a Rule 12(b)(1) motion

---

[1] Rec. Doc. 10-11.

to dismiss is on the party asserting jurisdiction, and accordingly . . . . the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id*. Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

"When a defendant makes a 'factual attack' on the court's jurisdiction, the plaintiff must 'prove the existence of subject-matter jurisdiction by a preponderance of the evidence.' An attack is 'factual' rather than 'facial' if the defendant 'submits affidavits, testimony, or other evidentiary materials.'  In a "factual attack" context, the plaintiff is obliged 'to submit facts through some evidentiary method' to sustain his burden of proof." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989).

The sequence of filings by the parties suggests that the defendants initially made a facial challenge to subject matter jurisdiction. However, once the complaint was amended, and after the filing of the opposition by the plaintiffs, the defendants submitted an unsworn declaration contesting the allegation that the diving services to be performed by the plaintiffs would be done from a "floating barge".  Further, the defendants contest that a contract ever existed between the plaintiffs and the defendants. It is the opinion of the undersigned that the

submission of the unsworn declaration has converted the challenge from facial to factual. There have not been any initial disclosures exchanged nor has there been any discovery conducted at all in the case.

### *Issue Presented*

The sole issue before the court is whether the parties' contract is a maritime contract so as to invoke this court's maritime jurisdiction.

Whether the contract was to be performed aboard a barge in navigation, or directly for the benefit of a vessel in navigation, or from the pier, is material to a determination of subject matter jurisdiction.

A court will dismiss a claim only when a plaintiff cannot prove any set of facts in support of their claim that subject matter jurisdiction exists. Here, while the plaintiff has made a prima facie showing that subject matter jurisdiction exists to survive a facial attack, the undersigned cannot make a finding whether maritime jurisdiction is lacking in a factual attack context without additional evidence.

The district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss; thus, some courts have refused to grant such a motion before a plaintiff has had a chance to discover the facts necessary to establish jurisdiction. Williamson v. Tucker, 645 F.2d 404, 414 (5th Cir. 1981). Accordingly,

**IT IS THEREFORE ORDERED** that a decision on defendants' motion to dismiss is **DEFERRED**.

**IT IS FURTHER ORDERED** that plaintiffs' shall be allowed until **February 1, 2010** to conduct discovery related solely to the issue of subject matter jurisdiction.  Any supplemental brief shall filed by plaintiffs **on or before February 15, 2010.**  Any response by defendants shall be filed **on or before February 22, 2010.**

Signed at Lafayette, Louisiana on January 7, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)