UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RONALD AKERS, ET AL** | **CIVIL ACTION NO. 09-915** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC., ET AL** | **MAGISTRATE JUDGE HANNA** |

CONSOLIDATED WITH

| | |
|---|---|
| **DAVID MCGRATH** | **CIVIL ACTION NO. 09-1110** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC., ET AL** | **MAGISTRATE JUDGE HANNA** |

*MEMORANDUM RULING AND ORDER*

Before the court are two motions: 1) a Motion to Compel Against Ronald Akers (Rec. Doc. 48); and, 2) a Motion to Compel Against David McGrath (Rec. Doc. 49). The motions were filed by defendants Shaw Environmental, Inc. and Shaw Environmental & Infrastructure ("Shaw") and seek to compel responses to virtually identical sets of propounded discovery. The motions are opposed.

*Background and Argument of Parties*

In the Motion to Compel Against Ronald Akers, Shaw complains Akers has not responded at all to Shaw's propounded discovery requests after repeated demands. Shaw asks the court to compel Akers to respond and to award attorneys fees and costs incurred by Shaw in filing the motion to compel under Rule 37(a)(5)(A).

1

In the Motion to Compel Against David McGrath, Shaw states McGrath responded to its propounded discovery requests, but argues that McGrath's responses to interrogatory numbers 10, 11, and 12 and requests for production numbers 5, 6, and 7 were insufficient. Shaw argues it is entitled to discover the facts on which McGrath bases his accusations, but McGrath's responses are evasive and incomplete and should therefore be treated as a failure to answer under Fed. R. Civ. P. Rule 37(a)(4). As such, Shaw asks for an order compelling full responses and for reasonable expenses and attorneys fees incurred in filing the motion against McGrath.

Plaintiffs filed a joint opposition to the motions to compel.[1] In their opposition, plaintiffs state Akers' responses are forthcoming. However, plaintiffs anticipate Shaw will seek to compel further responses from Akers to interrogatory numbers 10, 11, and 12 and requests for production numbers 5, 6, and 7, as they did from McGrath. Therefore, plaintiffs state their opposition to the motion to compel against McGrath also serves as a response to Shaw's anticipated objections to Akers' responses.

In opposition, plaintiffs argue Shaw's interrogatories are very broad and therefore plaintiffs' broad response is appropriate. Secondly, plaintiffs argue defendants are asking them which facts the Court will rely on in making its findings, which plaintiffs are unable to answer. Finally, plaintiffs argue the "allegations giving rise to the contested interrogatories are legal terms of art" which would require plaintiffs to "literally review a

---

[1] *Plaintiffs' Joint Opposition to Defendants' Motion to Compel Discovery* (Rec. Doc. 51).

panoply of jurisprudence, fraught with 'grey area law,' and determine the specific facts and documents which will or may ultimately support this Court's findings or award."[2]

Plaintiffs conclude as follows:

> Defendants are again, attempting to obtain a broad spectrum of information utilizing a broad brush stroke, based upon legal terms of art. This is not the purpose of discovery. Plaintiffs' responses and objections should be deemed good and SHAW's Motion to Compel should be denied."[3]

### *Applicable Law and Discussion*

The specific discovery requests and responses at issue in the motions to compel are as follows:[4]

> INTERROGATORY NO. 10:
> In Paragraph 25 of your Complaint, you assert that Shaw Environmental's termination of an alleged contract was "both arbitrary and capricious." Please identify specific facts and/or documents that you are currently aware of that you contend support a finding of arbitrary and capricious conduct on the part of Shaw Environmental.
>
> ANSWER TO INTERROGATORY NO. 10:
> Plaintiff objects to this interrogatory in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing and without waiving same, Plaintiff asserts that the facts as alleged and as will be shown at the trial of this matter will support a finding that Shaw Environmental's termination of the contract was "both arbitrary and capricious."

---

[2] *Plaintiffs' Joint Opposition to Defendants' Motion to Compel Discovery* (Rec. Doc. 51), p. 5.

[3] *Id.*

[4] As noted above, the propounded discovery to McGrath and Akers is substantively identical.

INTERROGATORY NO. 11:
In Paragraph 25 of your Complaint, you allege that Shaw Environmental's conduct was "intentional, willful, malicious, wanton, and reckless." Please identify specific facts and/or documents that you are currently aware of that you contend support a finding that Shaw Environmental's conduct was intentional, willful, malicious, wanton, or reckless.

ANSWER TO INTERROGATORY NO. 11:
Plaintiff objects to this interrogatory in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing and without waiving same, Plaintiff asserts the facts as alleged and as will be shown at the trial of this matter will support a finding that Shaw Environmental's conduct was intentional, willful, malicious, wanton, or reckless.

INTERROGATORY NO. 12:
Please identify specific facts and/or documents that you are currently aware of that you contend support an award of exemplary/punitive damages against Shaw Environmental in this case.

ANSWER TO INTERROGATORY NO. 12:
Plaintiff objects to this interrogatory in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing and without waiving same, Plaintiff asserts the facts as alleged and as will be shown at the trial of this matter will support an award of exemplary/punitive damages against Shaw Environmental in this case.

REQUEST FOR PRODUCTION NO. 5:
In Paragraph 25 of your Complaint, you assert that Shaw Environmental's termination of an alleged contract was "arbitrary and capricious." Please produce any and all documents that you contend support a finding to arbitrary and capricious conduct on the part of Shaw Environmental.

RESPONSE TO REQUEST FOR PRODUCTION NO. 5:
Plaintiff objects to this request in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing

and without waiving same, Plaintiff asserts that the facts as alleged and as will be shown at the trial of this matter will support a finding that Shaw Environmental's termination of the contract was "both arbitrary and capricious." Please see all documents attached hereto as well as all documents previously produced by SHAW.

REQUEST FOR PRODUCTION NO. 6:
In Paragraph 25 of your Complaint, you allege that Shaw Environmental's conduct was "intentional, willful, malicious, wanton, and reckless." Please produce any and all documents that you contend support a finding that Shaw Environmental's conduct was intentional, willful, malicious, wanton, or reckless.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6:
Plaintiff objects to this request in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing and without waiving same, Plaintiff asserts that the facts as alleged and as will be shown at the trial of this matter will support a finding that Shaw Environmental's conduct was intentional, willful, malicious, wanton, or reckless. Please see all documents attached hereto as well as all documents previously produced by SHAW.

REQUEST FOR PRODUCTION NO. 7:
Please produce and any all documents you contend support an award of exemplary/punitive damages against Shaw Environmental in this case.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7:
Plaintiff objects to this request in that it calls for a legal conclusion, seeks the mental impressions of an attorney, is vague, ambiguous, overly broad, and otherwise insusceptible of precise response. Subject to the foregoing and without waiving same, Plaintiff asserts that the facts as alleged and as will be shown at the trial of this matter will support an award of exemplary/punitive damages against Shaw Environmental in this case. Please see all documents attached hereto as well as all documents previously produced by SHAW.

The discovery requests in dispute are "contention" interrogatories and related requests for production. In response, plaintiffs have launched repetitive objections arguing

the questions are overly broad, vague, ambiguous or otherwise insusceptible of precise response, or call for legal conclusions or the mental impressions of an attorney and refer Shaw to unspecified and in globo documents.

Interrogatories seeking to clarify the contentions of parties are specifically permitted by the Federal Rules of Civil Procedure:

> An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until designated discovery is complete or until a pretrial conference or some other time.

Fed.R.Civ.P. 33(a)(2).

The 1970 Committee Notes to Rule 33 explains: "As to requests for opinions or contentions that call for the application of law to fact, they can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery." (Citation omitted). Likewise, more recent Committee Notes acknowledge that "Opinion and contention interrogatories are used routinely."

The undersigned finds Shaw's discovery requests neither vague, overbroad, ambiguous or otherwise insusceptible of precise response. They seek discovery of information and materials which plaintiffs contend support certain of plaintiffs' claims, specifically: 1) that Shaw's termination of plaintiffs' employment contracts was arbitrary and capricious; 2) that Shaw's behavior was intentional, willful, malicious, wanton, and reckless; and, 3) that Shaw's behavior supports an award of exemplary and/or punitive

damages. Shaw is simply asking for facts that plaintiffs argue support these particular claims – Shaw is not asking plaintiffs to speculate which facts the court will ultimately use in any decision. Therefore, these objections by plaintiffs are without merit.

Moreover, plaintiffs' objections that the interrogatories and requests somehow call for legal conclusions or seek the mental impressions of counsel is unavailing. Many types of discovery, including responses to interrogatories, requests for admissions, preparation of witness lists, and production of documents "inevitably reveal certain aspects of an attorney's thought processes. . . ." In re Shell Oil Refinery, 125 F.R.D. 132, 133 (E.D.La. 1989), referencing In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1015 (1st Cir.1988)( "[N]ot every item which may reveal some inkling of a lawyer's mental impressions, conclusions, opinions, or legal theories is protected as opinion work product. Were the doctrine to sweep so massively, the exception would hungrily swallow up the rule."). Therefore, the undersigned finds plaintiffs' objection that the propounded discovery calls for legal conclusions or seeks the mental impressions of counsel is without merit.

Finally, to the extent plaintiffs have referred Shaw to documents that answer the interrogatories, they must follow the requirements of Fed. R. Civ. P. 33(d) by "(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to

make copies, compilations, abstracts, or summaries."   Plaintiffs response, "Please see all documents attached hereto as well as all documents previously produced by SHAW," is inadequate.

For the reasons given above, the undersigned finds plaintiffs' objections to Shaw's contention interrogatories and requests for production baseless and will grant both motions to compel. In addition, although no challenge has been made to the timing of the contention interrogatories, the undersigned finds the contention interrogatories are now ripe for response.[5]

Federal Rules of Civil Procedure Rule 37(a)(5)(A) provides for reasonable expenses, including attorneys fees, to be assessed and reads in pertinent part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The motions having been granted, reasonable expenses including attorney fees incurred in filing both motions will be awarded to defendants.

### *Conclusion*

For the reasons given above,

---

[5] The discovery deadline in this matter was March 7, 2011, and it is likely the interrogatories will be a useful discovery device instead of harassment.  See Brassell v. Turner, 2006 WL 1806465 (S.D.Miss. 2006)(unreported) discussing In re Convergent Technologies Securities Litigation, 108 F.R.D. 328 (N.D.Cal.1985).

**IT IS ORDERED** that the Motion to Compel Against Ronald Akers (Rec. Doc. 48) is **GRANTED**. Plaintiff shall fully respond to all of the propounded discovery requests as ordered herein with 10 days from the date of this Order. An affidavit of attorneys' fees and expenses incurred in filing the motion shall be submitted as a Motion for Attorney's Fees within 14 days of the date of this Order. Plaintiff shall have 7 days to respond, after which time the matter will be considered submitted for decision.

**IT IS FURTHER ORDERED** that the Motion to Compel Against David McGrath (Rec. Doc. 49) is **GRANTED**. McGrath shall fully respond to interrogatory numbers 10, 11, and 12 and requests for production numbers 5, 6, and 7 within 10 days of the date of this Order. An affidavit of attorneys' fees and expenses incurred in filing the motion shall be submitted as a Motion for Attorney's Fees within 14 days of the date of this Order. Plaintiff shall have 7 days to respond, after which time the matter will be considered submitted for decision.

**IT IS FURTHER ORDERED** that oral argument on the motions, set for **Wednesday, March 23, 2011**, is **CANCELED**.

Lafayette, Louisiana, this 14th day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)