UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RONALD AKERS, ET AL** | **CIVIL ACTION NO. 09-915** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC., ET AL** | **MAGISTRATE JUDGE HANNA** |

CONSOLIDATED WITH

| | |
|---|---|
| **DAVID MCGRATH** | **CIVIL ACTION NO. 09-1110** |
| **VERSUS** | **JUDGE DOHERTY** |
| **SHAW ENVIRONMENTAL, INC., ET AL** | **MAGISTRATE JUDGE HANNA** |

*ORDER*

Before the court is a Motion for Attorney's Fees (Rec. Doc. 53) submitted at the direction of the court as a consequence of the court granting two motions: 1) a Motion to Compel Against Ronald Akers (Rec. Doc. 48); and, 2) a Motion to Compel Against David McGrath (Rec. Doc. 49). The motions were filed by defendants Shaw Environmental, Inc. and Shaw Environmental & Infrastructure ("Shaw") and were granted in this Court's Memorandum Ruling and Order of March 14, 2011. (Rec.Doc. 52). The deadline for filing any opposition or objection by plaintiffs has passed without any submission on their part.

*Applicable Law and Discussion*

Federal Rules of Civil Procedure Rule 37(a)(5)(A) provides for reasonable expenses, including attorneys fees, to be assessed and reads in pertinent part as follows:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. (Emphasis added)

Utilizing the "lodestar" method, as a starting point reasonable attorney's fees are initially determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens No. 4552 (LULAC) v. Roscoe Independent School Dist., 119 F.3d 1228, 1232 (5th Cir. 1997). A reasonable hourly rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. See Hensley, 461 U.S. at 434. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson, 488 F.2d at 717-19 (5th Cir.1974). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel;

(10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. However, "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." Hensley, 416 U.S. at 434, FN9, referencing Copeland v. Marshall, 641 F.2d 880, 890 (C.A.D.C. 1980)(en banc). "The heavy burden of proving entitlement to such an adjustment [up or down based on the Johnson factors] is on the moving party." Graves v. Barnes, 700 F.2d 220, 223 (5th Cir. 1983).

Shaw has submitted two tables in its affidavit in support of its motion for attorney's fees. One table applies to attorney's fees incurred in filing the motion to compel for Akers and the other is for the motion to compel discovery responses in McMath. In the first table, Shaw claims 5.9 hours at $235.00 per hour. In the second table Shaw claims 6.7 hours at $235.00 per hour. Both tables indicate a partner with the firm did the research and prepared the motions. The affidavit also sets forth $6.28 in expenses in both matters.

While plaintiff has not opposed the request for attorney's fees sought in connection with the motion, defendant did not specifically assert any special factors meriting adjustment upwards or downwards from the "lodestar" under the factors of Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). The undersigned notes the motions are not factually complicated, nor do they present any novel or complex theories of law. Rather, the motions set forth the basic tenets contained in the federal

Rules of Civil Procedure and the inadequate responses of the plaintiffs when considered in the context of those rules.

The undersigned has reviewed the motions to compel and finds the total time expended, 12.6 hours, was not reasonably required to perform legal research, write, and file the motions. Rather, the undersigned finds that the time recorded for the actual preparation of the motion, review of the opposition and the time recorded for research on one, but not both, of the motions is reasonable. That amount, including the preparation of the motion for attorney's fees, totals 6.1 hours. Further, the undersigned finds the hourly rates charged are not reasonable given prevailing market rates in the Lafayette area and the complexity of the issue.[1] The undersigned finds a reasonable hourly billable rate for the legal work performed is $150.00 per hour. Therefore, the undersigned finds a reasonable total fee would be 6.1 hours billable at $150.00 per hour for a total fee award of $915.00. To this amount will be added the $12.56 in expenses.

### *Conclusion*

For the reasons given above,

**IT IS ORDERED** that plaintiff's motion for attorney's fees is **GRANTED IN PART AND DENIED IN PART** as follows:

1). Plaintiffs, Ronald Akers and David McGrath shall pay $927.56 to defendant within 14 days of the date of this Order;

---

[1]See Deoliveira v. Chevron USA, Inc., 2007 WL 2407242 (W.D.La. 2007)(not reported); Fietz v. Southland National Ins. Co., 2007 WL 1469433 (W.D.La.2007)(not reported); the EAJA social security reasonable fee rate has recently been raised to $150 per hour. See Wilks v. Astrue, 2009 WL 1788596 (W.D.La. 2009)(slip copy).

2). All other requested relief is **DENIED**.

Lafayette, Louisiana, this 7th day of April, 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)